UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
COBALT MULTIFAMILY INVESTORS I,   |
LLC, et al.,   |
  |
            Plaintiffs,   |   06 Civ. 6468 (KMW) (MHD)
  |
   -against-   |   OPINION & ORDER
  |
MARK A. SHAPIRO, et al.,   |
  |
            Defendants.   |
---------------------------------------------------------------X
KIMBA M. WOOD, UNITED STATES DISTRICT JUDGE:

       The court-appointed receiver (the "Receiver") for Plaintiffs Cobalt Multifamily Investors I, LLC, and its related entities (collectively, "Cobalt") filed suit against three sets of attorneys and their law firms who provided services to Cobalt before the company's collapse.[1]  These attorneys and their law firms are: (1) Robert F. Cohen and his firm, Cohen & Werz LLC (the "Cohen Defendants"); (2) Martin P. Unger and his firm, Certilman Balin Adler & Hyman LLC (the "Certilman Defendants"); and (3) Philip Chapman and his firm, Lum, Danzis, Drasco & Positan LLC (the "Lum Defendants").

       On March 7, 2012, this Court, based on an extensive conflict of laws analysis, ruled that the Receiver had standing to sue the Cohen and Lum Defendants, but lacked standing to sue the Certilman Defendants.  See Cobalt Multifamily Investors I, LLC v. Shapiro, 857 F. Supp. 2d 419, 435 (S.D.N.Y. 2012) (Wood, J.) [Dkt. No. 172].  The Court, therefore, dismissed the Receiver's claims against the Certilman Defendants.  Id.[2]

---

[1] The Receiver's suit originally included claims against Cobalt's principals: Mark A. Shapiro, Irving J. Stitsky, and William B. Foster.  After these individuals were convicted of securities fraud, the Receiver voluntarily dismissed its claims against them.  [Dkt. No. 63].
[2] In that Opinion and Order, the Court detailed this case's procedural and factual background, familiarity with which is assumed.  See Cobalt, 857 F. Supp. 2d at 424–27.

1

The Receiver and the Lum Defendants (the "Settling Parties") have since entered into a Settlement Agreement, for which they seek court approval. [Dkt. No. 200 Ex. 1 (Settlement Agreement); Dkt. No. 199 (Motion to Approve the Settlement Agreement)]. The Agreement is conditioned on the issuance by this Court of an order "barring any future derivative claim, whether such claim sounds in indemnification or contribution, against the settling defendants, including, but not limited to, any cross-claims previously asserted by [the Certilman Defendants]." [Dkt. No. 201 (Motion for a Bar Order)]. Because the only other nonsettling defendants—the Cohen Defendants—have already agreed to dismiss their cross-claims against the Lum Defendants with prejudice, [Dkt. No. 207], the sole purpose of the requested bar order is to extinguish potential nonparty claims, such as those of the Certilman Defendants.[3]

The Certilman Defendants sought the Court's assurance that, because they had been dismissed from the suit, they had no obligation to respond to the Settling Parties' motion. The Court agreed and ordered that the Certilman Defendants need not respond. [Dkt. No. 205]. Undeterred, the Settling Parties renewed their request by submitting to the Court a draft bar order. [Dkt. No. 225].

For the reasons set forth below, the Court DENIES the Settling Parties' Motion for a Bar Order and DENIES their Motion to Approve the Settlement Agreement. [Dkt. Nos. 201, 199].

I.  **Motion for a Bar Order**

Although "a district court may properly bar claims of nonsettling *defendants* against settling defendants for contribution or indemnity," Denney v. Deutsche Bank AG, 443 F.3d 253, 273 (2d Cir. 2006) (emphasis added), principles of due process and fundamental fairness

---

[3] The Settling Parties had also moved to dismiss cross-claims asserted by the Cohen Defendants against the Lum Defendants, [Dkt. No. 201], but this request was mooted by the Cohen Defendants' agreement to dismiss those claims with prejudice, which this Court so-ordered. [Dkt. No. 207].

2

preclude a court from barring claims of *nonparties*. It is a well settled "general rule that a person cannot be deprived of his legal rights in a proceeding to which he is not a party." Martin v. Wilks, 490 U.S. 755, 759 (1989); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."); Hansberry v. Lee, 311 U.S. 32, 40 (1940) ("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

Other courts to consider the issue have similarly concluded that they lacked the authority to issue bar orders extinguishing nonparty claims. One such case, Armstrong v. Collins, was initiated by a court-appointed receiver who entered into a settlement conditioned on "the entry by the Court of an Order … barring third parties with notice of the Settlement from pursuing any claim against the Settling Defendants." No. 01-CV-2437, 2010 WL 1141158, at *1, *15 (S.D.N.Y. Mar. 24, 2010) (Crotty, J.). The agreement was "so ordered," but counsel for the receiver refused to file the application for a bar order because he was not "satisfied with the legal support" offered by the settling defendant "for the Court's authority to issue a bar order binding non-parties." Id. at *15–16 (noting that the receiver also "did his own research on the issue, discussed the matter with SEC staff attorneys and contacted other receivers for their opinion," but found "no legal basis for the Court issuing a bar order binding non-parties"). The settling defendant asked the Armstrong court to nonetheless enforce the settlement agreement, but it refused. The court saw "no indication" that the receiver's attorney had declined to submit the bar order motion "in anything but good faith" and concluded that his "concerns regarding the Court's authority to issue a bar order binding non-parties are justified." Id. at *26; see also

Perkins v. Johnson, No. 06-CV-01503, 2007 WL 521170, at *1 (D. Colo. Feb. 15, 2007) ("[F]undamental principles of due process preclude me from giving effect to that portion of the parties' agreement affecting the rights of 'any defendants who may be added at a later time.'"); Alvarado Partners, L.P. v. Mehta, 723 F. Supp. 540, 554 (D. Colo. 1989) (refusing to approve a proffered partial settlement that sought to "bar potential claims of non-parties to this action," because "[f]undamental due process principles prohibit claim extinguishment against anyone not a party to this action").

The Settling Parties have not cited a single decision holding that a court may issue a bar order against nonparty claims. Rather, they direct the Court to two bar orders executed by district courts in this jurisdiction that purport to apply to nonparties.[4] See Carroll v. LeBoeuf, Lamb, Greene & MacRae, L.L.P., No. 05-CV-391 (S.D.N.Y. July 16, 2008) (Kaplan, J.) (Bar Order and Final Judgment at 2 [Dkt. No. 227]) (barring contribution or indemnity claims by nonsettling defendants as well as "any other person or entity"); Compudyne Corp. v. Shane, No. 05-CV-4300 (S.D.N.Y. July 18, 2007) (Sweet, J.) (Bar Order Injunction and Dismissal of Claims at 2 [Dkt. No. 86]) (including, in definition of "Barred Persons," "any other person or entity that directly or through his/her/its counsel has been served with notice of the hearing on the Motion"). Neither court, however, addressed its authority to bind nonparties, nor heard any objection to the proposed orders on that basis. See Carroll, 2008 WL 2789766; Compudyne,

---

[4] These two bar orders are cited only in a letter to the Court sent by the Lum Defendants after the Court ordered that the Certilman Defendants need not respond to the Settling Parties' bar order request. [Dkt. No. 225]. The Lum Defendants' Memorandum of Law in support of their motion, in fact, provides no authority whatsoever for the proposition that the requested bar order "is appropriate as to the Certilman Defendants just as it would be against any other unnamed defendant," a contention that is made solely in a single footnoted sentence. (See Lum Defs.' Mem. at 17 n.22 [Dkt. No. 203]). The Lum Defendants' memorandum focuses, instead, on the bases upon which the Court should grant a bar order, but they do not argue that any of these bases, including Section 78-u4 of the Private Securities Litigation Reform Act of 1995, provides the Court with authority to bind nonparties.

2007 WL 2106554. In the absence of any discussion on this issue, the bar orders executed in Carroll and Compudyne are inapposite.

      The Lum Defendants argue that the general rule against nonparty preclusion is inapplicable here because the Certilman Defendants were previously a party to this suit and the Receiver can still appeal the Court's dismissal of the Certilman Defendants.[5] But "a party is bound only as to matters properly raised during the period in which he is a party." 18A Charles Alan Wright et al., Federal Practice & Procedure: Jurisdiction § 4449 (2d ed. updated 2013); see also Flanzbaum v. M & M Transp. Co., 286 F.2d 500, 503 (2d Cir. 1961) ("The complaint which sought to bring in M & M as a party was dismissed. Not having been a party to the earlier action, M & M is not bound by any adjudication made therein."). Regardless of whether or not the Certilman Defendants *might* be brought back as a party on appeal, they are not a party to this suit now and thus cannot be bound by the requested bar order.[6]

---

[5] The Lum Defendants try to find support for this position in Taylor v. Sturgell, which articulated six narrow categories of exceptions to the basic "rule against nonparty preclusion," but they misconstrue Taylor's language. 553 U.S. 880, 893–95 (2008). The Lum Defendants suggest that one of Taylor's exceptions is that nonparties that were "adequately represented earlier in the action" can be bound. [See Dkt. No. 224]. This is not what Taylor says, and it is unclear from where the Lum Defendants draw this conclusion; they do not provide a pincite. The Court's best guess is that the Lum Defendants misunderstand Taylor's third exception. Although Taylor's third exception states that a nonparty may be bound if he or she "was 'adequately represented by someone with the same interests who [wa]s a party' to the suit," it does so as a modification to a quotation from Richards v. Jefferson County. See Taylor, 553 U.S. at 894 (quoting 517 U.S. 793, 798 (1996)) (brackets in original). Richards explains, in contrast, that "[w]e have recognized an exception to the general rule when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who *is* a party." 517 U.S. at 798 (quoting Wilks, 490 U.S. at 762 n.2) (emphasis added). Taylor apparently modified the quote because it was discussing the preclusive effect of an earlier, concluded suit. The Supreme Court did not suggest that a dismissed defendant could be bound as to issues raised after it was dismissed. Cf. Taylor, 553 U.S. at 894–95 (listing, as examples of representative suits that would qualify under the exception, "properly conducted class actions" and "suits brought by trustees, guardians, and other fiduciaries"). And the Lum Defendants do not contend—nor could they—that they, the Receiver, or the Cohen Defendants adequately represent the Certilman Defendants.

[6] For the same reason, the Court cannot accept the Lum Defendants' contention that the Bar Order adequately protects nonparties and, therefore, the Court need not be concerned with extinguishing nonparty claims. Even if the Court had the authority to bind nonparties, in their absence it would be

5

Accordingly, the Court declines to issue the requested bar order.

## II.     Motion to Approve the Settlement Agreement

"Whether to approve a settlement normally rests in the discretion of a district judge." <u>In re Masters Mates & Pilots Pension Plan and IRAP Litig.</u>, 957 F.2d 1020, 1025–26 (2d Cir. 1992). The Settlement Agreement in this case provides the Lum Defendants with the right to declare the agreement void ab initio if the request for the bar order is not granted. Because the Court has denied the Settling Parties' motion for a bar order, the Court also denies the Settling Parties' motion to approve their settlement.

## III.    Conclusion

For the foregoing reasons, the Court DENIES the Settling Parties' Motion for a Bar Order and DENIES their Motion to Approve the Settlement Agreement. [Dkt. Nos. 201, 199].

SO ORDERED.

Dated:  New York, New York
        September 27, 2013

/s/_____
Kimba M. Wood
United States District Judge

---

unable to "determin[e] that the settlement ha[d] been entered into in good faith and that no one ha[d] been set apart for unfair treatment." <u>In re Masters Mates & Pilots Pension Plan and IRAP Litig.</u>, 957 F.2d 1020, 1031 (2d Cir. 1992) (stating that "[a] settlement bar should not be approved unless it is narrowly tailored and preceded by" this judicial determination). For example, the Certilman Defendants are not before the Court to provide full briefing on the Settling Parties' legal arguments, nor have the Certilman Defendants participated in discovery regarding potential indemnity obligations that may exist between them and the Lum Defendants.