UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COBALT MULTIFAMILY INVESTORS I,   |
LLC, et al.,   |
  |
         Plaintiffs,   |     06-CV-6468 (KMW) (MHD)
  |     <u>OPINION & ORDER</u>
-against-   |
  |
MARK A. SHAPIRO, et al.,   |
  |
         Defendants.   |
------------------------------------------------------------X
KIMBA M. WOOD, USDJ:

       In its March 28, 2014 Opinion and Order, the Court found Defendant Robert F. Cohen liable on claims of unjust enrichment, conversion, breach of fiduciary duty, and breach of duty of loyalty brought by Anthony Paduano, the court-appointed receiver ("Receiver") for Plaintiffs Cobalt Multifamily Investors I, LLC, and its related entities, including Vail Mountain Trust (the "Trust") (collectively, "Cobalt"). *See Cobalt Multifamily Investors I, LLC v. Shapiro*, No. 06-CV-6468, 2014 WL 1282538, at \*10 (S.D.N.Y. Mar. 28, 2014) [hereinafter "*Cobalt I*"] (Wood, J.). The Court reserved judgment regarding damages, however, and ordered the Receiver to submit a separate motion for summary judgment on the issue. The Receiver filed that motion, with an accompanying Rule 56.1 statement, on April 28, 2014. *See* (Mem. of Law in Supp. of Receiver's Mot. for Summ. J. on Damages ("Receiver's Damages Mem.") [ECF No. 239]); (Receiver's Rule 56.1 Stmt. [ECF No. 238]). Both submissions are unopposed. For the following reasons, the Receiver's motion for summary judgment is GRANTED in part and DENIED in part.

1

Additionally, Cohen has filed a motion for reconsideration of the Court's prior Opinion finding Cohen liable on the Receiver's claims. For the reasons discussed below, Cohen's motion is DENIED.

## I. BACKGROUND

Both the procedural and factual background of this case were discussed at length in *Cobalt I*. Only the procedural and factual information pertinent to the current motion for summary judgment as to damages is detailed below.

### A. *Procedural Background*

This case stems from an enforcement action filed by the Securities and Exchange Commission in May 2006. *See S.E.C. v. Cobalt Multifamily Investors I, Inc.*, No. 06-CV-2360 (S.D.N.Y.) [hereinafter "*SEC Enforcement Action*"]. A later criminal case charged the three Cobalt principals—Mark Shapiro, Irving Stitsky, and William Foster (collectively the "Principals")—with "issu[ing] numerous false and misleading private placement memoranda and brochures," "engag[ing] in a widespread cold-calling scheme to persuade members of the public to invest millions of dollars in the Cobalt entities," and "then siphon[ing] off much of the invested funds for their own personal use, and for other fraudulent purposes." *SEC Enforcement Action*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (Wood, J.); *see also United States v. Shapiro*, No. 06-CR-357 (S.D.N.Y.).

With respect to the Principal's scheme, the Court in *Cobalt I* found Cohen liable for unjust enrichment, conversion, and breach of fiduciary duty, based on his failure to properly oversee the Trust and several bank accounts over which he was trustee. *See Cobalt I*, 2014 WL 1282538, at *10.

B. *Factual Background*

"A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009). Under Local Rule 56.1(c), if a nonmoving party "fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *see also* Fed. R. Civ. P. 56(e)(2). However, "'[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.'" *Giannullo*, 322 F.3d at 140 (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001)). The Court has therefore reviewed the supporting evidence for those paragraphs of the Receiver's Rule 56.1 Statement that are cited herein, and the Court finds those paragraphs to be adequately supported.

At Shapiro's request, Cohen prepared documents for the creation of the Trust and served as its trustee. (Receiver's 56.1 Stmt. [ECF No. 238] at ¶¶ 4–5). During this time, Cohen distributed money from the Trust to himself, Shapiro, Stitsky, and Foster. He also made payments to certain companies using Trust account funds, at least some of which were for Shapiro's benefit. (*Id.* ¶ 7–8.). Cohen signed, or allowed his name to be signed on, checks from the Trust account payable to:

- Cohen, or his law firm, totaling $166,752.98. (*Id.* ¶ 15).
- Shapiro, totaling $20,259.85. (*Id.* ¶ 12).
- Stitsky, totaling $54,200.00. (*Id.* ¶ 13).
- Foster, totaling $22,500.00. (*Id.* ¶ 14).

3

- Car companies for cars purchased or leased for Shapiro's benefit, totaling $130,660.50.  (*Id.* ¶ 10).

- Construction companies and architects, at least some of whom worked on projects that involved Shapiro's residences, totaling $619,836.61.  (*Id.* ¶ 9).

- A jewelry company for payment of jewelry purchased for or on behalf of Shapiro, totaling $20,000.00.  (*Id.* ¶ 11).

Cohen also served as "trustee" on approximately five bank accounts relating to Cobalt (the "Cobalt Trustee" accounts).  (*Id.* ¶ 16).  Cobalt money funded the Cobalt Trustee accounts, (*id.* ¶ 17), and was distributed, at least in part, from the trustee accounts to Shapiro, Stitsky, and Foster, (*id.* ¶ 18).  Money from these Cobalt accounts was paid to:

- Shapiro, in the amount of $3,125.52.  (*Id.* ¶ 20).

- Stitsky, in the amount of $5,404.27.  (*Id.* ¶ 21).

- Foster, in the amount of $112,814.69.  (*Id.* ¶ 22).

- A jewelry company,[1] in the amount of $8,551.75.  (*Id.* ¶ 23).[2]

---

[1] The Receiver alleges that the money paid to the jewelry company was for Shapiro's benefit, (*id.* ¶ 23), but provides no evidence to support that allegation.  Accordingly, the Court will not deem admitted the contention that the jewelry company payment was for Shapiro's benefit.

[2] The Receiver also states that $233,500.00 from the Cobalt accounts was distributed to Cohen.  (*Id.* ¶ 19). The Court notes, however, that based on the cancelled checks and deposition testimony about them, these distributions might have been transfers between the various Cobalt Trustee accounts and not payments directly to Cohen.  (*See* Decl. of Anthony Paduano in Supp. of the Receiver's Mot. for Summ. J. ("Paduano Decl."), Ex. W [ECF No. 240-23]); (*id.*, Ex. G, Cohen Dep. Tr. ("Cohen Tr.") [ECF No. 240-7] at 243–54).  Thus, the Court will not deem admitted the fact that these payments were distributed to Cohen.

## II. THE RECEIVER'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*; *see also Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether there are genuine disputes of material fact, the Court "must 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" *Roe*, 542 F.3d at 35 (quoting *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001)).

### B. Discussion

The Receiver moves for summary judgment as to damages on his claims against Cohen for unjust enrichment, conversion, breach of fiduciary duty, and breach of duty of loyalty. The Receiver has shown that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law for some, but not all, of the damages he claims. Specifically, the Court grants summary judgment against Cohen for: (1) all Trust and Cobalt Trustee account funds distributed to Shapiro, Stitsky, and Foster; (2) the Trust account funds distributed to Cohen, the car companies, and the jewelry company; and (3) some of the Trust account funds distributed to the construction companies.

5

i. Cohen's Trustee Liability

According to the Restatement (Third) of Trusts, a trustee who commits a "breach of trust" is liable to beneficiaries of the trust for "the amount required to restore the values of the trust estate and trust distributions to what they would have been if the portion of the trust affected by the breach had been properly administered." *Id.* § 100(a).  A "breach of trust" is defined as "a failure by the trustee to comply with any duty that the trustee owes, as trustee, to the beneficiaries . . . of the trust." *Id.* § 93.  In Connecticut,[3] "[a] fiduciary who makes an improper payment is accountable . . . for sums so disbursed." *McAuliffe v. Carlson*, 386 F. Supp. 1245, 1250 (D. Conn. 1975), *rev'd on other grounds*, 520 F.2d 1305 (2d Cir. 1975).

The Court held in *Cobalt I* that Cohen was liable to Cobalt based, *inter alia*, on Cohen's improper payments from the Trust and Cobalt Trustee accounts.  2014 WL 1282438, at *10.  Therefore, Cohen is liable to Cobalt to whatever extent the value of the Trust or Cobalt Trustee accounts diminished as a result of Cohen's misconduct.

ii. Calculation of Damages

"Summary judgment may be granted on damages where there is no fact dispute as to the amount of damages." *GCCFC 2006-GG7 Westheimer Mall, LLC v. Okun*, No. 07-CV-10394, 2008 WL 3891257, at *3 (S.D.N.Y. Aug. 21, 2008) (Buchwald, J.).  The Receiver alleges, and Cohen does not dispute, that the value of the Trust and Cobalt Trustee accounts has been diminished by $1,397,606.17 and that "such damages flow from all of Cohen's misconduct and as to each claim." (Receiver's Damages Mem. 5).  Because Cohen has failed to respond to or

---

[3] In *Cobalt I*, the Court found no noticeable difference between New York and Connecticut law with respect to the Receiver's claims.  *See* 2014 WL 1282538, at *5.  Noting that the Court had previously suggested that if there was a conflict of law, Connecticut law would likely apply, the Court stated that it would "cite primarily to Connecticut law in addressing the merits of the Receiver's claims." *Id.*  The Court will do the same here.

contest any of the factual assertions contained in the Receiver's 56.1 statement, there is no genuine dispute of material fact as to much of the damages the Receiver claims in that statement. *See T.Y. v. New York City Dept. of Educ.*, 584 F.3d at 418 ("In the typical case, failure to respond [to a 56.1 statement] results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met.").

The Receiver has submitted sufficient evidence—uncontested by Cohen—in the form of cancelled checks and Cohen's own deposition testimony, for the Court to find no genuine dispute of material fact as to the impropriety of the following payments,[4] each of which Cohen distributed or allowed to be distributed from the Trust or Cobalt Trustee accounts:

- $166,752.98 received by Cohen or his law firm;
- $23,385.37 received by Shapiro;
- $59,604.27 received by Stitsky;
- $135,314.69 received by Foster;
- $130,660.50 received by car companies for Shapiro's benefit
- $20,000 received by a jewelry company for Shapiro's benefit

Thus, summary judgment as to these damages is appropriate. *See Okun*, 2008 WL 3891257, at *3. The Receiver also alleges that Cohen improperly caused or allowed Trust funds to be paid out to several construction companies and architects in connection with expenses for Shapiro's residences, and that Cobalt suffered $619,836.61 in damages as a result. However, for many of the payments the Receiver cites, a genuine dispute of material fact remains.

---

[4] *Cf. In re Allen Carpet Shops, Inc.*, 27 B.R. 354, 357 (Bankr. E.D.N.Y. 1983) ("From the unimpeached affidavits submitted in support of summary judgment and from the copies of cancelled checks . . . the court finds sufficient proof to reaffirm the summary judgment granted PNB on this portion of its claim.").

The Receiver has submitted to the Court copies of cancelled checks made payable to the following companies: JWM Architects; CSB Construction, Inc.; RK Constructors; Brazusa Construction; Brookside Company, Inc.; and Mercury South Beach Condo Assoc. Although the Receiver alleges that Cohen's payments to all of these companies were improper, the Receiver has provided sufficient evidence to prove impropriety only for the payments made to JWM Architects.

During his deposition testimony, Cohen stated that JWM Architects was working on a home in which Shapiro intended to live. (Cohen Tr. ¶¶ 178–179). In combination with the copies of cancelled checks made out to JWM Architects, the Court finds this evidence sufficient to support the Receiver's contention that payments from the Trust to JWM Architects were improper and that Cobalt suffered damages as a result of these payments. Based on those cancelled checks, Cohen caused or allowed $38,710.48 in Trust funds to be distributed to JWM Architects. Accordingly, Cohen is liable for the $38,710.48 Cobalt suffered in damages as a result of the payments made to JWM Architects.

However, the Receiver has submitted no evidence beyond cancelled checks to prove that the payments made to the other construction companies were similarly improper.[5] Copies of cancelled checks, without any testimony or accompanying evidence demonstrating the impropriety of those payments, is insufficient to warrant summary judgment. *Cf. Codrington v. United States*, No. 91-CV-4701, 1993 WL 643377, at *3 (E.D.N.Y. Dec. 7, 1993) ("Merely appending cancelled checks, audit statements, and computer computations to the motion papers,

---

[5] The Receiver does cite to a portion of Cohen's deposition where Cohen discussed CSB Construction. However, the only thing Cohen said about CSB Construction was that he does not know whether the company was being paid to work on Shapiro's house. (Cohen Tr. ¶ 191). Cohen's statement provides no more proof of impropriety than if Cohen had never mentioned CSB Construction at all.

without an explanation, does not assist the Court in its inquiry as to whether there are triable issues of fact."). Without more information about why the other construction companies were paid, the Court must draw all inferences in favor of the non-movant and assume that these payments were legitimate and therefore did not damage Cobalt.

Similarly, the Receiver alleges that Cohen caused or allowed $8,551.75 of Cobalt Trustee account funds to be improperly distributed to a jewelry company. However, the Receiver offers no evidence as to the impropriety of this payment, other than the cancelled check itself. This, too, is insufficient to warrant summary judgment.

Finally, the Receiver claims that Cohen received $233,500 from the Cobalt Trustee accounts, but fails to produce sufficient evidence to prove that these were payments to Cohen and not simply a means of transferring money between the Cobalt Trustee accounts. A genuine dispute of material fact remains concerning these payments, and therefore, summary judgment is not appropriate.

Therefore, in total, the Court finds that Cohen caused damages to Cobalt in the amount of $574,428.29. Summary judgment is granted to the Receiver for $574,428.29 in damages and denied for the remaining damages the Receiver alleges.

### C. Prejudgment Interest

Pursuant to Connecticut General Statutes § 37-3a, the Receiver is entitled to prejudgment interest at the rate of 10% per year.

Section 37-3a provides, in relevant part, that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." Whether Connecticut courts award prejudgment interest "'depends on whether the money involved is payable . . . and whether the detention of the money

is or is not wrongful under the circumstances.'" *Sosin v. Sosin*, 14 A.3d 307, 322 (Conn. 2011) (quoting *Stephan v. Pa. Gen. Ins. Co.*, 621 A.2d 258, 262 (Conn. 1993)).

Pursuant to § 37-3a, Connecticut courts have held that prejudgment interest is appropriate when damages are awarded under a theory of unjust enrichment, conversion, or breach of fiduciary duty. *See Nat'l Elec. Contracting, LLC v. St. Dimitrie Romanian Orthodox Church*, 144 Conn. App. 808, 820–21 (2013) (holding that § 37-3a permits prejudgment interest on damages awarded for unjust enrichment); *Tulisano v. Town of Rocky Hill*, No. CV040831299, 2006 WL 3360696, at *7 (Conn. Super. Ct. Nov. 7, 2006) (awarding prejudgment interest on breach of fiduciary duty and conversion claims); *New Eng. Masonry v. TKM Assocs.*, No. CV000161320S, 2004 WL 615734, at *6 (Conn. Super. Ct. Mar. 15, 2004) ("[T]he court awards . . . $1,592.20 for . . . unjust enrichment and $1,194.19 in prejudgment interest for wrongfully withholding payment."); *Barron v. Benton Auto Body*, No. CV970573293S, 2000 WL 1977507, at *23 (Conn. Super. Ct. Dec. 22, 2000) ("Courts may properly assess interest pursuant to § 37-3a in matters involving the conversion of goods, as well.").

Accordingly, the Receiver is entitled to prejudgment interest at a rate of 10%,[6] running from March 2, 2006.[7] Thus, the Receiver is entitled to $496,526.37 in interest.

---

[6] This interest shall not be compounded. *See Capital One Bank, (USA) N.A. v. Chappo*, No. FSTCV116010375S, 2013 WL 6697925, at *5 (Conn. Super. Ct. Nov. 21, 2013) ("The interest statute does not permit a trier of fact to compound interest." (citing Conn. Gen. Stat. § 37-3a)); *Cerro Metal Products Co. v. Waterbury Screw Mach. Products Co.*, No. 096484, 1991 WL 86165, at *1 (Conn. Super. Ct. May 14, 1991) ("I conclude that [§ 37-3a] contemplates simple interest.").

[7] *See* (Receiver's Damages Mem. 8) ("For the convenience of the Court and for ease of calculation, the Receiver would accept interest running from the date of the most recent check improperly disbursing funds from the Cobalt accounts (March 2, 2006) until the time a judgment is issued."); (Paduano Decl., Ex. Z [ECF No. 240-26] at 11).

### III.     MOTION FOR RECONSIDERATION

*A.  Legal Standard*

A motion for reconsideration should be granted only where "the moving party can point to controlling decisions or data that the court overlooked," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), or where necessary to "correct a clear error or prevent manifest injustice," *Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (Scheindlin, J.). "'On such a motion, a party may not advance new facts, issues, or arguments not previously presented to the Court.'" *Am. Hotel Int'l Grp. Inc. v. OneBeacon Ins. Co.*, No. 01-CV-0654, 2005 WL 1176122, at *1 (S.D.N.Y. May 18, 2005) (Casey, J.) (*quoting Polsby v. St. Martin's Press*, No. 97-CV-690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.)).  This standard "must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Jordan (Bermuda) Inv. Co. Ltd. v. Hunter Green Investments Ltd.*, No. 00-CV-9214, 2003 WL 21263544, at *2 (S.D.N.Y. June 2, 2003) (Sweet, J.) (internal quotation marks omitted).

### B. Cohen's Motion for Reconsideration is Denied[8]

Cohen's motion for reconsideration does not point to any "controlling decisions or data that the court overlooked," *Shrader*, 70 F.3d at 257, but instead offers a response to the Receiver's April 30, 2013 Rule 56.1 statement. This 56.1 statement, the first of two the Receiver has filed, was submitted alongside the Receiver's first motion for summary judgment. This was the motion the Court decided in *Cobalt I*. On April 28, 2014, the Receiver filed a second 56.1 statement, this one filed alongside his motion for summary judgment as to damages. Cohen has not responded to the Receiver's April 28, 2014 56.1 statement. Until recently, Cohen had also failed to respond to the Receiver's April 30, 2013 56.1 statement, despite the fact that the Court, acknowledging Cohen's *pro se* status, gave him additional time to do so. *See* (Order [ECF No. 232] at 1–2). When Cohen finally did respond to the Receiver's first 56.1 statement, it came nearly a year after the Receiver filed the statement, and several weeks after the Court decided the summary judgment motion for which the Receiver filed that 56.1 statement.

Cohen's filing of a response at this point is too little, too late. His response is an attempt at advancing new facts in a motion for reconsideration, and is therefore improper. *See Am. Hotel Int'l Grp. Inc.*, 2005 WL 1176122, at *1. Cohen could have advanced these factual arguments

---

[8] According to Local Rule 6.3, notice of a motion for reconsideration must be served on the Court no later than fourteen days after the entry of the Court's original decision. District courts in this Circuit have held that the untimely filing of a motion for reconsideration is a sufficient basis for denial of the motion. *See Farez-Espinoza v. Napolitano*, No. 08-CV-11060, 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009) (Baer, J) (collecting cases). Cohen's motion for reconsideration is untimely. The Court's *Cobalt I* decision was mailed to Cohen no later than April 1, 2014, yet Cohen did not file his motion for reconsideration until April 24, 2014—well beyond the fourteen-day deadline.

Nonetheless, the Court will overlook the motion's procedural deficiencies in the interest of deciding matters on their merits. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (stating that one of the principles behind the Federal Rules is that "mere technicalities should not prevent cases from being decided on the merits" (internal quotation marks omitted)); *see also Fears v. Wilhelmina Model Agency, Inc.*, No. 02-CV-4911, 2005 WL 1325297, at *2 (S.D.N.Y. June 6, 2005) (Baer, J.) (deciding an untimely motion for reconsideration on the merits); *Am. Hotel Int'l Grp. Inc.*, 2005 WL 1176122, at *2 (same).

prior to the Court's decision, but he failed to do so. Nor has Cohen offered any other reason why the Court should reconsider its prior decision. Accordingly, the Court denies Cohen's motion for reconsideration.

## IV. CONCLUSION

For the reasons stated above, the Receiver's motion for summary judgment is GRANTED as to $1,070,954.66 in damages, including prejudgment interest. Cohen's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motions. [ECF No. 236]; [ECF No. 243].

By November 5, 2014, each party shall submit a letter to the Court stating how the remaining issues in this case should be resolved. Specifically, each party should discuss whether a trial is warranted to decide the remaining claims, and whether discovery is necessary.


SO ORDERED.

Dated: New York, New York
       October 21, 2014

/s/
Kimba M. Wood
United States District Judge